(No. 36291.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER LEXOW, Plaintiff in Error.

*Opinion filed January 23, 1692.*

SHERWIN J. MALKIN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Elmer Lexow, was tried in the criminal court of Cook County and found guilty of the crime of assault with intent to commit robbery. After judgment had been entered on the jury's verdict, the State filed a statement under the Habitual Criminal Act. The former conviction of the defendant was stipulated and the court sentenced defendant to the penitentiary for a term of not less than five nor more than twenty years.

The defendant first contends that the trial judge improperly restricted defendant's counsel during the examination of prospective jurors. Counsel stated for the record that he had asked a certain juror the following question: "If, during the course of this trial, sir, you were to learn that these defendants have been convicted of a felony, would. that fact start you off with a feeling of prejudice to the extent that you might feel that because they were guilty once before they would have to be guilty in this case?" The juror replied: "I don't know how to answer the question." The judge ruled that the question was improper and instructed the jury to disregard it. Defendant contends that the ruling prevented him from ascertaining whether the minds of the jurors were free from bias and prejudice. Rule 24—1 of this court (Ill. Rev. Stat. 1959, chap. 110, par. 101.24—1) provides that the trial judge shall initiate the *voir dire* examination and shall question the jurors touching their qualifications. The parties or their attorneys may supplement such examination but shall not directly or indirectly examine the jurors concerning matters of law or instructions. This rule imposes upon the trial judge the primary duty of examining the jurors and gives him considerable discretion as to any further examination by the parties or their counsel. Here, the trial judge said that the juror's answer to the question indicated that the juror did not know what effect he would give to a former conviction, and that a prospective juror could not be expected

to answer such a question before he had been instructed by the court as to the effect of proof of a former conviction. At the close of the evidence, the court instructed the jury that proof of a former conviction could only be considered by the jury in determining the credibility of the defendant as a witness. We are of the opinion that the court did not abuse its discretion in refusing to permit the inquiry under discussion.

Defendant also contends that the evidence was insufficient to establish his guilt. The principal witness for the State was the bus driver whom defendant allegedly attempted to rob. He testified that he was seated in his bus at the bus terminal, when two men boarded the bus. One of them, whom the driver identified as Harry Lexow, defendant's father and codefendant, had a knife in his hand and demanded that the driver hand over his money. The other man, identified as the defendant, hit the driver. The driver struck the defendant, who fell into Harry, knocking him off the bus. The driver then subdued the defendant and called the police.

Harry Lexow testified that he boarded the bus and handed the driver a dollar bill. The driver told him that he was not ready to leave and when Harry said that he would sit in the bus and wait, the driver pushed him off the bus. The defendant testified that he and Harry had been drinking in a nearby tavern, that Harry left the tavern first and attempted to board the bus, that defendant followed him and saw the driver knock his father off the bus.

The evidence was sharply conflicting and it was the function of the jury to resolve the conflict and determine which of the witnesses was telling the truth. The testimony of the driver was sufficient to establish defendant's guilt and we will not disturb the jury's finding.

The defendant also contends that the court erred in refusing to give the following instruction: "The court instructs the jury that if there are two theories which may

lawfully be drawn from the evidence, one pointing to guilt and the other to absence of guilt, they should find defendants not guilty." This instruction is proper only when opposing theories of guilt or innocence arise out of the same fact. (*People* v. *Malmenato,* 14 Ill.2d 52.) The evidence here was conflicting on all material points and the instruction was properly refused.

Finally, defendant contends that he was improperly sentenced under the Habitual Criminal Act. The act provides that if a defendant has completed service of a former sentence more than seven years prior to the commission of the principal offense, such former conviction cannot be used as a basis for increased punishment. (Ill. Rev. Stat. 1959, chap. 38, par. 603.2.) The former conviction here was a conviction of larceny in 1946, for which defendant was sentenced to the penitentiary for a term of not less than three nor more than six years. Defendant argues that, assuming defendant had been given credit for the maximum "good time," he would have been discharged in 1951. Since the offense for which defendant was convicted in this case occurred in 1959, defendant argues that the former conviction could not properly be used as a basis for sentence under the Habitual Criminal Act. There is no evidence in the record, and there was no suggestion made by defendant in the trial court, that defendant served anything less than the full sentence, and if he served the full sentence, the former conviction was properly shown. Defendant's argument rests entirely upon conjecture and must be rejected.

We have considered all of the assignments of error advanced by defendant and are of the opinion that no prejudicial error occurred at his trial. Accordingly, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*