(No. 42581.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* TRUMAN BUTLER, Appellant.

*Opinion filed September 22, 1970.*

Edward Litak, Public Defender, of Danville, for appellant.

William J. Scott, Attorney General, of Springfield, and John P. O'Rourke, Special Prosecutor, of Danville, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

Truman Butler was found guilty of burglary and theft by a jury in the circuit court of Vermilion County and was sentenced to the penitentiary for a term of 1 to 3 years. He

appeals directly to this court pursuant to our Rule 302(a) (2) alleging the denial of a constitutional right.

Defendant's constitutional assertion is that "extreme racial imbalance in a jury venire which results in total exclusion of Negroes on the jury impaneled to try a criminal case against a Negro is a violation of due process and equal protection of the laws." He states that Negroes comprise 12% of the population of Vermilion County, that there was only one Negro on the venire and that this Negro was eliminated from service on the petit jury because of a peremptory challenge by the prosecution. He concludes by stating that the total absence of Negroes from a jury is contrary to the principle set out in *Swain* v. *Alabama,* 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824.

*Swain* does not hold that a Negro defendant is entitled to a Negro or Negroes on the jury. The principle of *Swain* is simply that "a State's purposeful or deliberate denial to Negroes on account of race of participation as jurors in the administration of justice violates the Equal Protection Clause." (380 U.S. 202, 204, 13 L. Ed. 2d 759, 763, 85 S. Ct. 824, 826.) The court in *Swain* also stated: "But purposeful discrimination may not be assumed or merely asserted. [Citations.] It must be proven, [citations] the quantum of proof necessary being a matter of federal law." (380 U.S. 202, 205, 13 L. Ed. 2d 759, 764, 85 S. Ct. 824, 827.) As to the burden of proof, the court stated in *Whitus* v. *George:* "The burden is, of course, on the petitioners [defendants] to prove the existence of purposeful discrimination, [citation]. However, once a *prima facie* case is made out the burden shifts to the prosecution." 385 U.S. 548, 550, 17 L. Ed. 2d 599, 603-4, 87 S. Ct. 643, 646.

There is nothing in the record concerning this issue except the statement by defendant's trial counsel that 12% of the population of Vermilion County is Negro and the fact that there was only one Negro on the venire. This does not make a *prima facie* case of purposeful discrimina-

tion. (*People* v. *Cross*, 40 Ill.2d 85.) The specific answer to defendant's general contention is found in the statement in *Swain* that "a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn." 380 U.S. 205, 208, 13 L. Ed. 2d 759, 766, 85 S. Ct. 824, 829.

Furthermore, the fact that the prosecutor peremptorily challenged the only Negro on the venire is not subject to constitutional attack. In *Swain* the prosecutor peremptorily challenged the only 6 Negroes on the venire. After analyzing the history and purpose of the peremptory challenge the court stated: "In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negros." 380 U.S. 202, 222, 3 L. Ed. 2d 759, 773, 85 S. Ct. 824, 837.

Defendant's next contention requires a brief description of the evidence presented at the trial. About 7:45 P.M. on May 21, 1968, Tom Brennan, Lloyd Barton and John Bailey were working on race cars in the rear of the building housing Bill Smith's Auto Parts business. They heard footsteps on the roof, went outside and saw two men jump from the roof and run. One of the men, identified as the defendant, ran back to look in the weeds for tools they had dropped and then ran off again. Brennan chased them to a car, recognized defendant, who had been a grade and high school classmate, getting into the car and wrote down the

license number. Barton also identified defendant as one of the men who jumped off the roof.

Charles Tucker, a police officer who was called to the scene of the crime found a short-handled sledge hammer, a small wrecking bar, a drift-pin, a cold chisel, a small pocket knife and a piece of cloth. He also found that a window in a structure on the roof had been broken, that the safe in the office had been forced open and that a padlock on the inside of a rear door had been forced open. Alfred Smith testified that $450 was missing from the safe.

Defendant denied that he committed the burglary and said he was in Chicago from May 19 until after the crime was committed on May 21. Dennis Smith, a friend of defendant, testified he drove defendant to Champaign to catch a train to Chicago on May 19. Defendant's wife testified that she received collect telephone calls from defendant in Chicago on May 19, 20, and 22.

Defendant argues that, based on the foregoing evidence, the trial court erred in giving the jury an instruction on circumstantial evidence. He contends that the evidence conclusively established the burglary and the only issue for the jury was identity of defendant as one of the burglars.

There are, of course, cases which hold that an instruction on circumstantial evidence should not be given when all the evidence is direct. (See *e.g., People* v. *Fiereto,* 303 Ill. 186.) The evidence connecting defendant with the burglary was not, however, all direct. There was direct testimony that defendant was on the roof of the burglarized building and that he jumped to the ground and ran. The evidence of his breaking and entering the building and forcing open the safe was all circumstantial. The trial court, therefore, properly gave the instruction on circumstantial evidence.

It is also argued that the court erred when it admitted the burglary tools in evidence because there was nothing to show that defendant had ever had possession of them. Bren-

nan testified that defendant "turned around and came back to try to pick up these tools that they had dropped." The tools were found in the vicinity of the crime and were sufficiently connected to defendant to be admissible in evidence. *People* v. *Santucci,* 24 Ill.2d 93; *People* v. *Malmenato,* 14 Ill.2d 52; *People* v. *Stanton,* 16 Ill.2d 459.

Defendant's final contention is that the instructions on the form of verdict may have misled the jury into believing that the indictment was some evidence of guilt. This contention is without merit. The jury was specifically instructed, as follows: "The indictment in this case is the formal method of accusing the defendant of a crime and placing him on trial. It is not any evidence against the defendant and does not create any inference of guilt."

The judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*