THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DAWSON, Defendant-Appellant.

(No. 55219;

First District—January 19, 1972.

*Rehearing denied March 1, 1972.*

Sidney S. Altman, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, John Dawson, was charged with grand theft of an automobile. After numerous continuances variously initiated by defendant and the State, the court granted the State's motion to strike the complaint with leave to reinstate it at a later date.

On appeal defendant contends (1) that the trial court abused its discretion in granting the State further continuances after one marked "final"; (2) that an order striking a complaint with leave to reinstate is an invalid order; and (3) that the State has a duty to pay defense counsel's fee because the cause was stricken with leave to reinstate it.

A complaint charging defendant with grand theft was filed on November 23, 1969. On that date the case was transferred by agreement to the Chief Judge of the Criminal Court for reassignment and continued until the next day. On November 24, 1969, the cause was continued upon motion of defendant until December 15, 1969. On December 15, 1969, the cause was again continued upon defendant's motion until January 23, 1970. On January 23, 1970, the State's motion for a continuance because the arresting officer was unavailable was granted. The defendant acquiesced to the motion and the cause was continued to March 10, 1970. On that date the State again requested a continuance because the officer was still not available. The court granted the continuance until April 6, 1970, marking it final. On April 6, 1970, the State requested a short continuance based on the fact that the complainant was unavailable. The court granted the continuance and set the case for trial on April 30, 1970. On April 30, 1970, the State was granted permission to strike the complaint with leave to reinstate at a later date. Defendant filed his notice of appeal on May 28, 1970.

█ █ Defendant's contention that the court erred in allowing the State's continuances is without merit. The rule is well established that the granting of continuances is within the sound discretion of the trial court. (*People v. Solomon*, 24 Ill.2d 586, *cert.* denied, 371 U.S. 853. See Ill. Rev. Stat. 1969, ch. 38, par. 114—4.) In the instant case, the court in considering the granting of the continuances said:

"Ordinarily, I agree with you counsel. When a Judge marks it final if they are not ready to go to trial, I dismiss it, except when there is a reasonable explanation. Now, the officer stated that there was a mix-up in the file and he was only notified about it yesterday and I think, in the interest of justice, justice would be best served if we give the complainant a chance to come in."

We find the court did not abuse its discretion in granting the continuances in the case at bar.

■■ Defendant's second contention on appeal is that an order striking a complaint with leave to reinstate is an invalid order. It has been well established that an order striking a complaint with leave to reinstate it is valid so long as it does not deprive defendant of his right to a speedy trial. *People v. Baskin,* 38 Ill.2d 141; *People v. Williams,* 102 Ill.App.2d 158 (abstract only).

■■ In this State a defendant's constitutional right to a speedy trial has been implemented by section 103—5 of the Code of Criminal Procedure. Our Statute provides that:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *." Ill. Rev. Stat. 1969, ch. 38, par. 103—5.

Where a defendant requests or agrees to a continuance, the 120 day period starts again from the date to which the case is continued. (*People v. Stahl,* 26 Ill.2d 403; *People v. Hayes,* 23 Ill.2d 527.) Taking of an appeal also suspends the operation of the 120 day Statute. *People v. Baskin,* 38 Ill.2d 141.

■■ In the present case, the defendant initiated several continuances. Defendant also acquiesced to the State's first continuance. The first time the defendant objected to a continuance and thus the earliest date from which the 120 day statute could begin to run, was March 10, 1970. Defendant filed his notice of appeal on May 28, 1970. Thus defendant was not deprived of a speedy trial and the order allowing the State to strike the complaint with leave to reinstate it was valid.

■■ Defendant's final contention is that the State should pay his attorney's fees as the State caused delays in the action. While our Civil Practice Act and Supreme Court Rules do allow the assessment of one party's attorney's fees against the opposing party in certain instances (See *e.g.,* Ill. Rev. Stat. 1969, ch. 110, par. 3; Ill. Rev. Stat. 1969, ch. 110A, par. 219), these are limited to situations of willful and intentional instigation of vexatious delay in civil matters. In the instant case, the continuances were granted only after the defendant himself secured several prior continuances upon his own motion. We find defendant's

contention that the State should pay his attorney's fees in a criminal matter to be without merit.

For the reasons expressed herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.