THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH STEWART, Defendant-Appellant.

(No. 11575;

Fourth District—June 7, 1973.

Saul Leibowitz, of Defender Project, of Chicago, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Bruce Locher and Stanley Thomas, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted in a jury trial for the unlawful sale of narcotics and was sentenced to a term of not less than 20 nor more than 25 years. In his appeal, the defendant contends that he was not proven guilty beyond a reasonable doubt; that error was committed when the trial judge restricted the *voir dire* examination by defendant's counsel; the trial judge erred in denying the defense motions for a continuance, change of venue, and dismissal of the jury panel. Defendant also contends that it was error to refuse to separate certain prospective jurors from the general veniremen during *voir dire;* that the closing argument of the state's attorney was prejudicial; the guilty plea on another charge and sentence of 5 to 9 years entered four months later should be set aside because it was induced by the conviction appealed from in this case; and, finally, the sentence of 20-25 years was excessive.

The defendant's conviction arises out of the unlawful sale of heroin to a police informer, one Raymond Wesley, on October 15, 1969. Defendant was indicted, arraigned and plead innocent to the charge. His trial was set for February 9, 1970, but the trial was delayed until March 10, 1970, due to various defense motions. Throughout *voir dire* examination the defense counsel examined the prospective jurors as to their impartiality, attitudes, experiences, and associations with blacks. Both defendant and his counsel were black. On two occasions the trial court restricted defense counsel's line of questioning on the grounds it was redundant.

At trial, the testimony of Raymond Wesley (the police informer) was totally at odds with the testimony elicited from the defense witnesses. Wesley, who was himself a convicted felon, drug addict, and paid informant, testified that he had purchased four heroin capsules from the defendant; that the transaction was consummated in defendant's apartment in the presence of the defendant, his wife, a baby, and one Wendell Smith; and that he took the four capsules and turned them over to the police officers waiting outside the defendant's apartment. The three police officers involved in the case substantiated Wesley's testimony, except that part of the testimony concerning itself with the events that transpired within the confines of the defendant's apartment.

The defense called five witnesses—the defendant, his wife, and three teenage witnesses. They all gave similar testimony as to what happened on the night of October 15 in the defendant's apartment. The defendant and his wife stated that Wesley came to their apartment in the evening on October 15, and that he tried to sell them some silverware and a coffeepot but that he did not have the articles with him and he left. The three teenagers stated that Wesley came to the defendant's apartment and conversed with the defendant. They testified they could not hear the conversation but that Wesley only remained a few minutes, then left. In closing arguments, the prosecutor commented on the testimony of the three teenagers and contended that they were "well coached".

■■ As to the first issue of whether defendant was proven guilty beyond a reasonable doubt, from our review of the record we conclude that the question was one of credibility of the witnesses—an issue for the trier of fact. The defendant asserted that Wesley's testimony was vague and contrary to the purported eye-witness testimony of the defendant's five witnesses. Moreover, defendant cites *People v. Crump*, 5 Ill.2d 251, 125 N.E.2d 615, for the proposition that habitual users of narcotics often become notorious liars. This is pertinent in light of the fact that Wesley was an addict-informer.

■■ It is true that the testimony of the paid informer who is an addict must be closely scrutinized, but it cannot be disregarded if it is cor-

roborated by other testimony or is believable in light of the circumstantial evidence presented (*People v. West*, 3 Ill.App.3d 106, 113, 278 N.E.2d 233). In *People v. Hudson*, 106 Ill.App.2d 130, 136, 245 N.E.2d 613, it was stated that "the fact that a witness is a narcotics addict bears only upon his credibility." The convictions of many defendants have been affirmed in cases where the unlawful sale or exchange of narcotics was not witnessed by anyone other than the defendant and the informer if the attending circumstances lend credence to the informant's testimony. *People v. Hill*, 83 Ill.App.2d 116, 122; 227 N.E.2d 117.

The supreme court in *People v. Weaver*, 18 Ill.2d 108, 114, 163 N.E.2d 483, stated:

> "Although the defendant's testimony and that of their witnesses was not contradicted by any positive testimony it was in conflict with the circumstantial evidence produced by the People. Upon this record we believe the jury could properly find the defendant guilty beyond a reasonable doubt. * * *"

The court went on to note that the jury cannot disregard the inferences that flow from the evidence presented to it.

The trier of fact saw Wesley, heard his testimony, observed his demeanor, saw the five defense witnesses, heard their testimony, and observed their demeanor, and found the informer's testimony to be credible in light of the other circumstantial evidence presented by the state. This court should not usurp the trier of fact's function on the matter of the credibility of witnesses, unless the proof was so unsatisfactory as to warrant a reasonable doubt as to guilt. *People v. Johnson*, 75 Ill.App.2d 42, 49, 221 N.E.2d 59.

The second and third issues relate to the rulings made during *voir dire* examination, and the trial court's denial of the defense motions for a continuance, change of venue, dismissal of jury panel, and to separate those prospective jurors who had previously sat on a jury the week before on a similar case from the general veniremen.

Illinois Revised Statutes (1971), chapter 110A, paragraph 234, provides that *voir dire* examination will be initiated by the trial judge and may be supplemented by the parties. However, the parties may not directly or indirectly examine the jurors concerning matters of law or instructions. It is within the trial judge's discretion as to how much latitude he will give to the parties in their supplemental examination. (*People v. Lexow*, 23 Ill.2d 541, 543, 179 N.E.2d 683.) There was no evidence to show that either counsel was prevented from disclosing any facts or reason why any prospective juror might be biased or otherwise unqualified. It is not error to limit the extent of the examination of a juror. (*People v. Moretti*, 6 Ill.2d 494, 129 N.E.2d 709.) While the limita-

tions must be reasonable and calculated to further the ends of justice, the limitations found in this case do not establish an abuse of discretion.

██ The granting of a continuance to permit preparation of a case depends upon the facts and circumstances surrounding the request. The right to a continuance is not absolute but is a matter of discretion of the trial court. In this case the defendant asked for and received several continuances prior to the one denial of which he complains as being unjust. There is no showing on the part of the defendant of either an abuse of discretion or prejudice.

██ *People v. Butler,* 46 Ill.2d 162, 263 N.E.2d 89, is dispositive of the issue alleging that blacks were systematically excluded from jury panel. In *Butler,* the court ruled that purposeful discrimination may not be assumed or asserted but must be established (46 Ill.2d 162, at 164). The defendant, in other words, must establish the existence of any purposeful discrimination.

██ The trial court did not err in refusing to separate prospective jurors from the general veniremen during *voir dire,* notwithstanding the fact that some of the prospective jurors had served on a jury the previous week where defendant's counsel represented another on similar charges. The mixing of the jurors did not amount to a denial of the defendant's right to a fair trial.

██ The next issue deals with the propriety of some of the remarks made by the prosecution in closing arguments. As a general rule, arguments of the prosecutor that charges a defendant's counsel with attempting to free his client by trickery results in a deprivation of a fair trial and are not permitted (*People v. Freedman,* 4 Ill.2d 414, 422, 123 N.E.2d 317). In this case the prosecutor said when referring to the testimony of the three teenage defense witness: "Those witnesses were well coached, those witnesses testified to the same thing." He said nothing about trickery or impropriety on the part of the defense counsel. The prosecutor made a permissible comment on the evidence directed at the credibility of the defendant's witnesses.

The issue concerning the setting aside of the guilty plea entered by the defendant in another conviction subsequent to his conviction in this case is not properly before this court and will not be discussed.

██ Lastly, we consider the question of excessive sentence. Defendant was found guilty by a jury of a violation of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22) and was sentenced to a term of not less than 20 nor more than 25 years. Subsequent to his conviction, the Uniform Narcotic Drug Act was repealed and replaced by the Controlled Substances Act. (Ill. Rev. Stat. 1971, ch. 56½, par. 1100, *et seq.*) Chapter 56½, paragraph 1601, provides that if the prosecution

of an offense has not reached a final adjudication, then for the purpose of sentencing the sentence provisions under the present law would apply if they are less than the prior law. This court and the supreme court have held that a case pending on appeal has not reached a final adjudication. Therefore, the new and lesser sentencing provisions are applicable in this case. *People v. Bailey*, 1 Ill.App.3d 161, 273 N.E.2d 74; *People v. Isom*, 4 Ill.App.3d 407, 280 N.E.2d 485; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.

■■ In this case there was no determination of the amount of heroin unlawfully sold. While such determination was not relevant under the prior statute, it is determinative of the penalty under the now effective Controlled Substances Act. Illinois Revised Statutes, 1972 Supp., ch. 56½, par. *1401(a)*, states that it is a Class 1 felony for the delivery of 30 grams or more of heroin. Chapter 56½, paragraph *1401(b)*, provides that it is a Class 2 felony for the delivery of any other amount of heroin.

For a Class 1 felony there is an imposition of a maximum term of imprisonment of any term in excess of 4 years. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(b)(2).) Chapter 38, paragraph 1005—8—1(c)(2), requires that the minimum term shall be at least 4 years. Also, chapter 56½, paragraph *1401(a)*, provides that any fine imposed shall not be more than $200,000.

For a Class 2 felony a maximum sentence of any term in excess of 1 year but not exceeding 20 years is prescribed. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(b)(3).) Chapter 38, paragraph 1005—8—1(c)(3) states:

> "[F]or a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court;"

Moreover, chapter 56½, paragraph *1401(b)*, limits any fine imposed for a violation of paragraph *1401(b)* to $25,000.

■■ The conviction is affirmed. The sentence is vacated and remanded for resentencing. Prior to resentencing, there must be an evidentiary hearing to determine the amount of heroin involved in the unlawful sale in order to impose the appropriate sentence that comports with the new Controlled Substances Act and the new Unified Code of Corrections.

Judgment affirmed, sentence vacated and remanded with directions.

SMITH and SIMKINS, JJ., concur.