THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM LEONARD, Defendant-Appellant.

(No. 11913;

Fourth District—April 10, 1974.

528

Michael J. Costello, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Hugh H. Rowden, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendant appeals from his conviction of theft under section 16—1(b) of the Criminal Code in that by deception he obtained control over property of value in excess of $150. (Ill. Rev. Stat. 1971, ch. 38, ¶ 16—1(b).) The defendant was found guilty by a jury trial and following

a hearing in aggravation and mitigation was sentenced to two to ten years in the penitentiary.

The initial issue is the defendant's contention that his conviction must be set aside because the State failed to try him within 120 days as required by section 103—5(a) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, ¶ 103—5(a).) The defendant was indicted on December 22, 1970, and charged with having committed this offense on December 2, 1970. Trial was set for March 22, 1971, at which time the defendant failed to appear, resulting in a forfeiture of bond and the issuance of an arrest warrant. The defendant was arrested on October 28, 1971, and held in custody continuously until trial on February 28, 1972, a period in excess of 120 days. The defendant first appeared before the court on November 1, 1971, and the trial was then reset for December 6, 1971. On November 30, 1971, the defendant appeared in open court stating that he had no attorney and the court appointed counsel. On December 6, 1971, the appointed counsel asked for a continuance on the grounds that he had just been appointed. The docket entry indicates that the defendant agreed and the cause was continued to January 10, 1972. On January 3, 1972, defense counsel's motion for a continuance to February 28, 1972 was granted.

■■ The controlling question in determining whether a defendant is entitled to a discharge under the 120-day statute is whether the delay of the trial beyond 120 days was "occasioned by the defendant", and, if so, he is not entitled to discharge under the statute. (*People v. Nunnery,* 54 Ill.2d 372, 297 N.E.2d 129.) The supreme court noted that the criteria in each case is whether the defendant's acts in fact caused or contributed to the delay. Where the defendant specifically requests or agrees to a continuance, the statutory 120-day period is tolled, and the period begins to run anew. (*People v. Dawson,* 3 Ill.App.3d 668, 279 N.E.2d 483.) The same result occurs if the defendant causes a delay in the proceedings, even if he did not expressly seek a continuance. (*People v. Caruth,* 4 Ill. App.3d 527, 281 N.E.2d 349.) The defendant contends that he cannot be held responsible for the delay from November 1 to November 30, 1971—if it may even be considered a delay—because he was only exercising his right to secure counsel. In a similar vein, it is urged that the defendant cannot be said to have caused the continuance granted on December 6 to allow the newly appointed counsel time for preparation because to do so would infringe on his right to able representation and, in any event, that delay resulted from the court's failure to appoint counsel earlier. As to the final continuance granted on January 3, 1972, defendant argues that the record does not show he agreed to that continuance and he should not be held liable for delays occasioned by appointed counsel.

In a case involving the waiver of a jury trial by an attorney for his client, the supreme court has said that the relationship of an attorney to the client is one of agency, and the general rules of law applicable to agency apply. (*People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182.) The supreme court noted that an accused ordinarily speaks and acts through counsel. In *People v. Sailor*, 43 Ill.2d 256, 253 N.E.2d 397, the court reaffirmed the rule enunciated in *Novotny*. Since the time between defendant's arrest on October 28, 1971, and the trial on February 28, 1972, only slightly exceeded 120 days, if the defendant was responsible for any of the several delays, he would not be entitled to discharge under the statute. Both continuances of the trial were at the request of defense counsel, and no delay from the original trial date of December 6 was at the instance of the prosecution or the court, so clearly defendant is not entitled to a discharge on the grounds that the State failed to give him a speedy trial.

The defendant also urges that he was not proved guilty beyond a reasonable doubt. It is uncontroverted that the defendant received a $300 check from the complaining witness James for which defendant promised to deliver a color television set. Likewise, it is uncontested that the defendant cashed the check and did not deliver a television set, nor return the money to the Jameses.

■■■ The defendant testified that he was a self-employed seller of small appliances and televisions; that he made no misrepresentation to the Jameses; that he accepted the check from the Jameses with the payee space left blank, being uncertain whether he would obtain the television in St. Louis or Peoria. Defendant said he told the Jameses it would take a week to 10 days to obtain the set; that he went to an auction house in Springfield where he could purchase television sets wholesale; and that he was on his way to deliver the television set when he was arrested, but that the police failed to see the set in the back of his car. In contradiction to this, the Jameses testified that the defendant represented to them he was associated with a well-known Springfield television dealer and that the set would be delivered in 1 or 2 days. The television dealer testified that while he knew the defendant, the defendant had never been employed or associated with the business. The former operator of the auction house testified that he also knew the defendant, but that the auction house was out of business in December 1970, and that it had never been an authorized RCA dealer and could not get television sets at wholesale prices. A bank employee testified that the James' check for $300 had been cashed on December 2, 1970, and an FBI expert testified that the defendant had filled in his name and endorsed that check. The police officer who arrested the defendant on December 6,

1970, testified that he saw no television in the defendant's car. Here, the jury observed and listened to the defendant as well as to the prosecution witnesses whose testimony was inconsistent with defendant's on almost every element. Questions of credibility are questions of fact to be decided by the jury and so are the inconsistencies between the defendant's testimony and that of the other witnesses. (*People v. Brandys*, 15 Ill.App.3d 379, 304 N.E.2d 471.) When dealing with questions of credibility of witnesses, the reviewing court cannot substitute its judgment for that of a jury on the issue unless proof was so unsatisfactory as to warrant a reasonable doubt of guilt. (*People v. Stewart*, 12 Ill.App.3d 226, 297 N.E.2d 391.) Here, the proof of guilt was satisfactorily established.

■■ Defendant alleges that he was denied due process by the failure of the State to produce evidence that he was arrested on two occasions subsquent to his December 6 arrest—December 10 and December 14, 1970. Defendant cites *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194, as authority for the argument that such evidence was exculpatory in that it would show defendant was attempting to deliver the television set to Mr. James when arrested as defendant had testified. *Moore v. Illinois*, 408 U.S. 786, 33 L.Ed.2d 706, 92 S.Ct. 2562, clearly indicates defendant's argument is without merit. Firstly, there was no specific request by the defense for records of subsequent arrests; secondly, there was no evidence that the defendant possessed any television sets on either of the subsequent arrests; and, thirdly, the evidence established that defendant was charged with the instant offense on December 7, 1970, shortly after his initial arrest on December 6, 1970. In addition, although apparently ignored by both parties on appeal, a stipulation was made at trial by the state's attorney and defense counsel concerning the subsequent arrests.

■■ The defendant also contends that the trial court erred in the latitude allowed the prosecutor during summation and that the court abused its discretion in denying probation. Examination of the record discloses that the former is of no merit, being a mere allegation that certain remarks could be construed in a way prejudicial to defendant, and as to the latter, evidence adduced at the hearing in aggravation and mitigation, in addition to an extensive probation officer's report, indicates that the denial of probation was well founded. Further analyzation of these two issues would be of no utility and it is clear that the trial court did not abuse its discretion in either matter.

The defendant expressly waived the issue originally raised alleging that the imposition of a 2-to-10-year sentence was unduly harsh. The theft of property valued in excess of $150 by deception is a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, ¶ 16—1), and the maximum term for a Class 3

felony is any term in excess of 1 year not exceeding 10 years. (Ill. Rev. Stat. 1973, ch. 38, ¶ 1005—8—1(b) (4).) The minimum term for a Class 3 felony is to be 1 year "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat. 1973, ch. 38, ¶ 1005—8—1(c) (4).) Therefore, the sentence was within the confines of the statute and will be affirmed, as will the conviction.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.