THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE HAWTHORNE, Defendant-Appellant.

Second District (2nd Division)   No. 75-211

Opinion filed May 11, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of probation violation in that he was found in possession of a shotgun with a barrel less than 18 inches in length during the term of his probation, in violation of the Criminal Code, as noted below.

The defendant was granted probation on June 28, 1974, in a case arising out of a conviction for forgery. The following morning the police received a message from their radio operator to the effect that an informant had told him that two Negro men, one of them identified as the defendant and one as a person by the name of Dennis, were planning a robbery in the New Milford area and that they would be driving a 1965 or 1966 grey Pontiac and would have a sawed-off shotgun. The police kept a lookout for the described car and one of the squad cars spotted this car and pulled it over. The car had no license plates on it. The officer who stopped the car asked the defendant for his driver's license and the

defendant opened the trunk of the car and showed the officer the driver's license, which he took from a wallet in the trunk, and the license plates, which apparently were new and were in the original package from the Secretary of State. Another squad car then came along and the officer asked the defendant for permission to search the car, which was granted.[1] Upon searching the car the police discovered a sawed-off shotgun with a barrel less than 18 inches in length, together with shells, partly hidden beneath a rug under the passenger side of the front seat.

As a consequence the defendant was charged with violation of section 24—1(a)(7) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)) which reads in part as follows:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * *
>
> (7) Sells, manufactures, purchases, possesses or carries * * * any shotgun with a barrel less than 18 inches in length, * * *."

Subsection (c) of section 24—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(c)) provides that:

> "(c) The presence in an automobile other than a public omnibus of any weapon, instrument or substance referred to in Subsection (a)(7) is prima facie evidence that it is in the possession of, and is being carried by, all persons occupying such automobile at the time such weapon, instrument or substance is found, except under the following circumstances: (i) if such weapon, instrument or instrumentality is found upon the person of one of the occupants therein; * * *."

The police officers who found the shotgun testified it was wrapped in a white rug which protruded beyond the front edge of the front seat on the passenger side. On cross-examination the officer answered that it would have been easily visible to a person sitting in the passenger seat by looking down in front of him. The defendant testified he did not place the gun there, that he did not own the gun and that he did not know it was there. He testified that when he was arrested he was on his way to go fishing and was looking for his brother-in-law, with whom he had previously arranged to go fishing in the New Milford area. He said that on the morning in question he went to his brother-in-law's house and his sister told him her husband had already left to go fishing. She suggested an area where he might be found and the defendant said he was on the way there to look for his brother-in-law. He further testified that while enroute to his

---

[1] While the uncontradicted testimony of the police officers was that permission for the search was given by the defendant, it is to be noted that under the recent case of *People v. Palmer*, 62 Ill. 2d 261, the absence of license plates creates a suspicion of a serious violation of law and justifies a search of the automobile without further cause.

brother-in-law's house he had picked up a couple of acquaintances to give them a ride across town, which is why there were two other persons in the car with him when he was arrested. He explained the absence of license plates on the car by saying that when the plates were received he had not been at home and his sister, who occasionally used his car, had put the license plates in the trunk of the car and they had not been removed from the trunk at the time he was arrested.

The defendant's explanation of the presence of the shotgun and shells in the car was that they were probably placed there the night before by a member of the Disciples Gang. He claimed he had testified against a member of the gang in a pending case, and that the gun was planted in his car for revenge. He explained that his car was not locked when it was parked in the parking lot of the apartment where he lived and that it would easily have been possible to place the shotgun and shells in the car without his knowledge. After a probation revocation hearing the defendant's probation was revoked and he was sentenced to the Department of Corrections for not less than one nor more than five years.

In this appeal the defendant contends he was not in actual or constructive possession of the shotgun and shells at the time of his arrest because the weapon was on the passenger side and was not under the defendant's immediate and exclusive control. The defendant cites the case of *People v. Cogwell*, 8 Ill. App. 3d 15, and the recent case (as an additional authority) of *People v. Monroe*, 31 Ill. App. 3d 111 (abstract opinion). In *Cogwell* several shotgun shells were found on the floor of the rear compartment of the car, between the left foot of one passenger and the right foot of an adjacent passenger. The court held that constructive possession by the defendant was not shown since the shells were no nearer to the defendant's foot than they were to the other passenger's foot, hence it was not established beyond a reasonable doubt that the shells were in the defendant's possession. It is to be noted that in the *Cogwell* case the charge was under section 2 (firearms and ammunition) (Ill. Rev. Stat. 1971, ch. 38, par. 83—2(a)) dealing with licensing of firearms and ammunition and not under the unlawful use of weapons section (par. 24—1(a)) which provides a prima facie basis for a finding of constructive possession by all occupants of the automobile. In the *Monroe* case the defendant was likewise a passenger in the rear seat and was charged with possession of alcoholic liquor in violation of the Illinois Liquor Control Act. However, constructive possession of the open bottle of beer by the defendant in that case was not established. The defendant and one of the other passengers testified the defendant did not own the bottle, had never had possession of it and the driver of the automobile testified that it belonged to him and that he had placed it in the car several days before the arrest of the defendant. Moreover, there was some

discrepancy about where the bottle was found, the driver having testified the officer told him it had been found under the front seat, whereas the officer's testimony was that it was found between the front seat and the right front door. The present case is also distinguishable from *Monroe* in that in the *Monroe* case the driver of the car created a reasonable doubt as to the defendant's constructive possession. The charge was under the Illinois Liquor Control Act and the defendant was charged with possession as a person under nineteen years of age and it was necessary to prove the possession beyond a reasonable doubt. In the case before us constructive possession was prima facie chargeable to all occupants of the car under section 24—1(a)(7) unless the weapon was found on the person of a particular occupant. The standard of proof, therefore, was quite different in the case before us from that applying in *Cogwell* and *Monroe* where proof beyond a reasonable doubt was required. The present case involves a probation revocation not a direct criminal charge and requires a lesser order of proof. Whereas proof beyond a reasonable doubt was required for conviction of the criminal charge, applicable in *Cogwell* and *Monroe*, only a preponderance of the evidence is required for a probation revocation. We do not consider either of the cases cited above as authority in considering the present case.

The presumption under section 24—1 against any occupant of the car, that he was aware of the presence of the weapon, is only prima facie and can be overcome by evidence to the contrary. However, the trial judge was apparently not convinced by the defendant's testimony explaining his lack of knowledge as to the presence of the gun. It should be observed that on two points at least the defendant's claim of innocence is not plausible. First, the testimony of the officer who found the gun was that the rug which concealed the gun was not completely hidden and would easily have been noted by anyone glancing down at the floor of the car. The defendant claimed the rug and the gun were planted in the car by some third person the night before and nobody in the car noticed them prior to the arrest. The defendant testified that he started for his brother-in-law's house at approximately 9:15 and while enroute picked up two other youths simply to give them a ride across town. The arrest was at approximately 10:15, therefore the rug and the gun would have had to have gone unnoticed for an hour in broad daylight although they were not normal to the car and not supposed to be there. In addition, the informant told the radio operator that one "Dennis" would be with the defendant. At the time of the arrest one of the occupants of the car was one Kenneth, also known as Dennis, Johnson. Also, the car was in the area as predicted by the informant. The defendant testified that the presence of Dennis and the other occupant of the car was a mere happenstance, that they had asked him for a ride across town that morning. The advance knowledge

of the informant, however, indicates that the presence of Dennis, at least, was not by chance but had been planned beforehand, thus impeaching the defendant's credibility. Further, the defendant claims he was on his way to look for his brother-in-law to go fishing but neither he nor his two companions had any fishing gear with them and it would have been normal for the defendant to have dropped his passengers off before setting off down the highway to look for his brother-in-law if, as the testimony went, the defendant was on his way to go fishing and the other occupants merely wanted a ride across town.

Bearing in mind that the standard of proof is a preponderance of the evidence in a probation revocation and considering the implausibility of the defendant's testimony, we see no reason to reverse the court's finding that the defendant violated his probation.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.