THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KAPLAN DRAGAJ, Defendant-Appellee.

First District (2nd Division)   No. 63220

━━━━

Opinion filed March 22, 1977.

---

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Brian B. Duff and Robert E. Senechalle, Jr., both of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Kaplan Dragaj, was charged with unlawful use of weapons in that he knowingly carried concealed in his vehicle a .32-caliber automatic pistol. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).) Defendant filed a motion to suppress the pistol on the ground that it was obtained as a result of an unlawful search and seizure. The circuit court sustained the motion. The complaint was then ordered stricken with leave to reinstate. The State has appealed, challenging the correctness of the order suppressing this evidence.

Skokie Police Officer Paul Kruszynski testified that at 8:30 a.m. on February 16, 1975, he saw defendant's vehicle parked in a lot behind a motel. The officer observed defendant for about 15 minutes and did not observe anyone come out from the motel to meet him. Defendant was the only occupant of the car, and his vehicle did not have license plates affixed to it. (Ill. Rev. Stat. 1975, ch. 95½, par. 3—701(1).) When defendant

drove from the motel lot, the arresting officer stopped him. Defendant exited his car, leaving the front door open. Upon the police officer's request, defendant produced his driver's license but said he did not have any registration for the vehicle. Defendant informed the officer that the license plates were in the vehicle but the officer could not see them. He then approached the car and defendant pointed toward the license plates. One plate was on the back seat and the other plate was on the front floor on the passenger side of the vehicle. Defendant said these were his license plates, but they were for a different car.* The officer then reached into the car to pick up the license plate that was on the front floor of the car in order to "run a check on the license plate" to confirm its registration. At this time he saw the butt and the clip of a pistol underneath the driver's seat and he reached under the seat and pulled the weapon out.

Defendant testified that he had taken his sister to work at the motel at 8 a.m. Since she worked irregular hours, it was his practice to wait for her by the back door until she told him how long she was going to work and when he should return to pick her up. That day, she did come out and tell him what time she would be leaving work.

■■  We first deal with an issue raised by the defendant in which it is contended that this court does not have jurisdiction to entertain this appeal. Defendant contends that because the State dismissed the charge with leave to reinstate, this court has no jurisdiction to entertain the appeal. Defendant cites *People v. Taylor* (4th Dist. 1974), 18 Ill. App. 3d 480, 309 N.E.2d 595, in which an appeal was dismissed because the order appealed from did not have the substantive effect of "dismissing a charge" within the meaning of Supreme Court Rule 604(a)(1) which authorizes certain appeals by the State. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) In *Taylor*, the defendant was reindicted based on the same conduct, and the State appealed both from the dismissal of that indictment and earlier orders which effectively dismissed the original indictment with leave to reinstate. The appellate court held the original indictment was not properly subject to appeal. While the rationale of the *Taylor* case in this regard is not clear, it would appear the State abandoned the initial indictment. The *Taylor* decision is analogous to *People v. Scholin* (1975), 62 Ill. 2d 372, 342 N.E.2d 388, wherein the dismissal of an information, with leave to file an amended information, was held to be nonappealable under Supreme Court Rule 604(a) because the substantive effect was not to dismiss the charge.

In *People v. Dawson* (1st Dist. 1972), 3 Ill. App. 3d 668, 279 N.E.2d 483, and *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208, the courts entertained defendants' appeals from orders striking criminal charges

---

* We note that use of license plates not issued for the specified vehicle is improper. Ill. Rev. Stat. 1975, ch. 95½, par. 3—703.

with leave to reinstate. Implicit in those decisions is the consideration that an appellate court is not deprived of jurisdiction where the charge has been stricken with leave to reinstate. And defendant advances no argument which suggests the State should be afforded different consideration when an appeal is from an order suppressing evidence which is specifically authorized by language in Supreme Court Rule 604(a)(1) not involved in the *Taylor* or *Scholin* decisions. We find there is jurisdiction to entertain this appeal.

■■ The validity of the search is controlled by the recent decision of the Illinois Supreme Court in *People v. Palmer* (1976), 62 Ill. 2d 261, 263-64, 342 N.E.2d 353, in which that court examined its prior decisions and concluded that the absence of license plates suggests a serious violation of the law and which reasonably indicates that the police may be dealing not with an ordinary traffic violator but with a criminal. The court in *Palmer* reiterated its position that under such circumstances a search of the vehicle would be also authorized. (See *People v. Hawthorne* (2d Dist. 1976), 38 Ill. App. 3d 328, 329 n. 1, 347 N.E.2d 52, 53 n. 1.) In the present case the police officer's entry into defendant's vehicle was reasonable, and the circuit court improperly ordered the suppression of the weapon found therein. *Cf. People v. Wolf* (1975), 60 Ill. 2d 230, 233-34, 326 N.E.2d 766.

For the aforementioned reasons the order of the circuit court sustaining the motion to suppress is reversed and the cause remanded.

Reversed and remanded.

DOWNING, P. J., and STAMOS, J., concur.