SECOND DIVISION

December 18, 2001

No. 1-00-1424

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) Nos. 97 CR 40809

)                 97 CR 7079

)        97 CR 7080

)        97 CR 7081

)        97 CR 7082

)        97 CR 7083

)        97 CR 7084

)        97 CR 7085

)

BILLY WADE, ) Honorable

) Thomas M. Tucker,      Defendant-Appellant. ) Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Defendant Billy Wade filed this appeal after the trial court struck as untimely, "for the time being," defendant's 
pro
 
se
 motion to withdraw his guilty pleas and reconsider his sentences.  Defendant contends on appeal that the cause must be remanded for a hearing on his motion, which, in relevant part, bore proof that it was timely mailed.  The State argues that the appeal should be dismissed for lack of jurisdiction because no final order was entered regarding defendant's motion.  We conclude that we do have jurisdiction and that the cause must be remanded for a hearing on the merits of defendant's motion.

Defendant, represented by private counsel, entered negotiated pleas of guilty on August 25, 1999, to seven Class X charges of delivery of a controlled substance and one Class 1 charge of possession of a controlled substance with intent to deliver.  He was sentenced to concurrent 12-year prison terms on the Class X charges and a consecutive 4-year prison term on the Class 1 charge.  

Defendant then filed a 
pro
 
se
  "Motion to Withdraw Plea and/or In the Alternative Reconsider Sentence."  The second page of the motion contained a handwritten "proof of service" section in which defendant, "being first sworn on oath," asserted the motion was placed in a stamped envelope, addressed as shown (to the clerk of the court and to the State's Attorney's office), and deposited in the United States mail at the correctional center on September 23, 1999.  A notary seal and signature beneath the proof of service showed that the motion was notarized on September 23, 1999.  The motion was not file stamped.  

Defendant also filed a separate 
pro
 
se
 motion for reduction of his sentence, which was notarized on September 23, 1999, and file stamped on September 29, 1999.  In addition, the record contains a letter dated November 13, 1999, and file stamped on November 17, 1999, from defendant to the clerk of the court, in which defendant asserted he filed a motion to withdraw his plea and in the alternative to reconsider his sentence on September 23, 1999, but he had not heard anything concerning the status of his motion.  The record also contains a handwritten note from defendant, dated December 3, 1999, "to inform the clerk" that he sent two motions to the clerk and the State's Attorney's office and was sending them again because he had not heard from anyone, including his attorney.

On March 7, 2000, when defendant's case was called, an assistant Public defender appeared for defendant and told the court that he had contacted defendant's trial attorney regarding the allegations in defendant's 
pro
 
se
 motions.  Defendant's former attorney said he had "no recollection" of defendant's allegation that he was promised double credit for time in custody.  He also said he did not intend to "get involved again."  The trial court asked the assistant Public defender if defendant's motions were timely filed.  He responded that there were no timely file stamped motions and no timely filed postmarks from the penitentiary.  The assistant Public defender said that defendant said he would contact the penitentiary and obtain proof of his timely filed mailing, but he had not yet received the proof.  The trial court stated, "When we receive those, we can have them put on the call.  For the time being, motion stricken, not timely filed.  Off call."  The memorandum of orders for that date states, "Motion Stricken Not Timely Filed.  Off Call as to Co 1."

Defendant now appeals, contending that the cause must be remanded for a hearing on his timely filed motion.  The State asserts that we have no jurisdiction to hear the appeal because there was no final order entered.  

Defendant maintains we have jurisdiction under Supreme Court Rule 603 (134 Ill. 2d R. 603), which provides that, except for cases in which a statute has been held invalid or the defendant has been sentenced to death, all appeals in criminal cases shall be taken to the appellate court.  This rule does not provide an independent basis for appellate review and merely states which court should hear an otherwise appealable case.  
People v. Truitt
, 175 Ill. 2d 148, 151, 676 N.E.2d 665 (1997).  Subject to certain exceptions, this court is without jurisdiction to review judgments or orders which are not final.  
People v. Baptist
, 284 Ill. App. 3d 382, 388, 675 N.E.2d 398 (1996); accord 
People v. Hobbs
, 301 Ill. App. 3d 581, 585, 703 N.E.2d 943 (1998).

Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), which deals with an appeal by a defendant from a judgment entered on a plea of guilty, relevantly states, "If the motion [to withdraw the plea or reconsider the sentence] is denied, a notice of appeal from the judgment and sentence shall be filed within [30 days], measured from the date of entry of the order denying the motion."  

We must assess the "substantive effect of the order rather than its form."  
Truitt
, 175 Ill. 2d at 152; 
People v. Scholin
, 62 Ill. 2d 372, 373, 342 N.E.2d 388 (1975).  In this case, the trial court stated, "For the time being, motion stricken, not timely filed."  We conclude we have jurisdiction over this appeal because, despite the language "for the time being," the trial court struck defendant's motion, specifically finding it "not timely filed."  188 Ill. 2d R. 604(d); see 
People v. Dragaj
, 47 Ill. App. 3d 86, 88-89, 361 N.E.2d 792 (1977) (an appellate court is not deprived of jurisdiction where the charge has been stricken with leave to reinstate); see also 
Yazzin v. Meadox Surgimed, Inc.
, 224 Ill. App. 3d 288, 291, 586 N.E.2d 533 (1991) (striking the motion would have been tantamount to denying it because it could not have been refiled if it was stricken more than 30 days after the judgment); 
Workman v. St. Therese Medical Center
, 266 Ill. App. 3d 286, 291, 640 N.E.2d 349 (1994) (distinguishing 
Yazzin
 on the ground that in 
Workman
 the stricken motion was reinstated as a pending motion).  

The basis for defense counsel's comments and the trial court's finding that defendant's motion was untimely is unclear.  In fact, the record refutes the conclusion that defendant's motion was untimely.  Defendant's proof of service stated he placed the motion in a stamped, addressed envelope in the prison mail on September 23, 1999 (within 30 days), and the motion bearing the proof of service was notarized on that date.  See 
People v. Saunders
, 261 Ill. App. 3d 700, 704-05, 633 N.E.2d 1340 (1994) (depositing in prison mail is prisoner's only option, and he must rely on institution's notary public); 
People v. Aldridge
, 219 Ill. App. 3d 520, 523, 580 N.E.2d 158 (1991) ("because defendant's proof of certificate of service recited a timely mailing date, the defendant's motion for withdrawal of his guilty plea was timely").  Defendant's affidavit within his motion established that he placed the motion in a stamped, addressed envelope and deposited it in the United States mail at the correctional center on September 23, 1999.  The proof of service complied with Supreme Court Rules 11 (manner of serving papers) and 12 (proof of service).  145 Ill. 2d Rs. 11, 12; see 
In re Plank
, 169 Ill. App. 3d 411, 414, 523 N.E.2d 614 (1988).

We reverse the trial court's order and remand for a hearing on the merits of defendant's motion.

Reversed and remanded.

BURKE, P.J., and GORDON, J., concur.