## JOHN PLUMMER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. STATUTE — *as to the title and change in the same.* Unless a change in the title to a bill in the two houses concurring in its passage is one of substance, and calculated to mislead as to the subject of the bill, it may be regarded as a clerical mistake in nowise affecting the validity of the law.

2. Where a bill passed the House entitled "a bill for an act to prevent the keeping of common gaming houses," but when introduced in the Senate it bore the title "a bill for an act to prevent the keeping of common gaming houses, and to prevent gaming," by which title it passed that body and was reported back, enrolled and approved, the body of the bill being identical in both houses, it was *held* that the change in the title did not render the act void.

3. SAME — *title need not express necessary results.* The constitutional requirement in respect to the passage of bills is not, that but one subject shall be expressed in the title, but that the act shall embrace but one subject, which shall be expressed in the title. It is not necessary to express in the title the incidental results expected to flow from the act, but if it does, it will not render the act void.

4. INDICTMENT — *sufficiency of statement of offense.* Although an indictment may not state the offense in the language of the statute creating the same, yet, if it is stated so plainly that it may be easily understood by the jury, it will be sufficient.

5. JUROR — *ground of challenge — party to suit pending, etc.* The fact that a juror, whether of the regular panel or not, has a suit at law or in equity pending, for trial in the same court, at the same term, whether the same is actually tried or not at such term, is a good ground of challenge, and it is error to disallow the same.

6. SAME — *opinion from reports.* The fact that a juror has formed an opinion or impression based upon newspaper statements or rumors, about the truth of which he has expressed no opinion, will not disqualify him, if it shall appear from his statement, under oath, that he believes he can render a fair and impartial verdict in accordance with the law and the evidence.

7. But if the juror is unable to state that he can sit as an impartial juror in the case, he is incompetent. If exposed to influences the probable

46—74TH ILL.

effect of which is to create a prejudice in his mind against one charged with crime, and which it will take evidence to overcome, he is not competent.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the plaintiff in error.

Mr. JAMES S. COCHRAN, State's Attorney, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was indicted and convicted under the " act to prevent the keeping of common gaming houses, and to prevent gaming," approved February 29, 1872 (Laws of 1871–2, p. 462).

Evidence was given on the trial, showing that the title of the bill for this act, as it passed the House of Representatives, was, " a bill for an act to prevent the keeping of common gaming houses; " but when it was introduced in the Senate it bore the title, " a bill for an act to prevent the keeping of common gaming houses, and to prevent gaming," by which title it passed that body ; and it was then reported back to the House of Representatives, with the message, that the Senate had concurred with the House in the passage of the bill, by that title. Subsequently, the chairman of the committee on enrolled and engrossed bills reported to the House, as properly enrolled, " an act to prevent the keeping of common gaming houses and to prevent gaming," and by this title it was approved by the Governor, and his approval reported to the House. The bill for the act was designated as " House bill No. 769," and this designation was preserved unchanged in its passage through both houses; and it was likewise affixed to the act when it was reported as enrolled, and also when it was reported as approved by the Governor. The identity of the body of the bill, through every step, from its introduction in

the House, until it was finally declared a law, is thus sufficiently established; and the only question in this regard is, does the mere change that occurred in the title render the law void ?

It is claimed that the law cannot be sustained, because of this change in its title, under section thirteen, article four of the constitution, which reads : " No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." Formerly, the title was considered no part of the statute, for it was usually framed by the clerk of that house in which the bill first passed, and was seldom read more than once. Potter's Dwarris on Statutes, 102 ; Sedgwick on the Construction of Statutory and Const. Law (2d ed.), 38. Nor can it now, in strictness, be considered any part of the law, although the constitutional mandate is to be observed, for this is simply to give notice of the general subject of the bill, so that neither the public nor the members of the Legislature shall be misled by the title. And, therefore, there is not the same necessity that the precise language of the title shall, with that formality and strictness necessary in regard to the body of the bill, receive the concurrence of both houses. Unless the change in the title is one of substance, and calculated to mislead as to the subject of the bill, we are of opinion it may be regarded as merely a clerical mistake, in nowise impairing the validity of the law. *The People* v. *The Supervisors, etc.*, 16 Mich. 254.

The requirement of the constitution, it will be observed, is not, that but one subject shall be expressed in the *title*, it is, " the *act* " shall embrace but one subject, which shall be expressed in the title. It is unnecessary to also express in the title the incidental results expected to flow from the act ; but, if it be done, it does not render the act void ; and the additional words here added may, we think, be regarded as an unnecessary specification of an object expected to be attained by the act, for, if gaming-houses are prevented,

it must follow as an incident that, to some extent, gaming will likewise be prevented. It is impossible that any one, reading the title of the act as it was when the bill passed the Senate, should not understand that it was intended thereby to prevent the keeping of gaming-houses, because the words "and to prevent gaming" are not repugnant to, but, on the contrary, are entirely consistent with that idea.

We feel, therefore, constrained to hold that the act is liable to no constitutional objection on the grounds urged.

The objections to the form of the indictment, we think also untenable.

The offense is stated, although not in the precise terms and language of the statute creating the offense, yet so plainly that the nature of the offense may be easily understood by the jury, and this is all that is required. Revised Statutes of 1874, p. 408, § 6.

In empanneling the jury by which plaintiff in-error was tried, one John Hart was called as a juror, who, on being sworn and examined touching his qualifications as a juryman, testified that he was a party to a suit in chancery pending in that court for trial at that term. Plaintiff in error objected to him as incompetent to sit as a juror in the case, for that cause, but the court overruled the objection, whereupon plaintiff in error challenged him peremptorily. It appears from the record that plaintiff in error exhausted all the peremptory challenges to which he was entitled in selecting the jury, and it therefore becomes material to inquire whether this ruling of the court was erroneous.

The fifteenth section of the act relating to jurors, approved on the 12th of March, 1874, and in force from and after its passage, provides: "It shall be a sufficient cause of challenge of a petit juror that he lacks any one of the qualifications mentioned in section two of this act; or, if he is not one of the regular panel, that he has served as a juror on the trial of a cause in any court of record in the county within one year previous to the time of his being offered as a juror; or, that he

is a party to a suit pending for trial in that court at that term."
Laws of 1873–4, p. 117.

It is argued by the attorney for the people, that the objec
tion that the juror is a party to a suit pending for trial is, by
the language employed, limited to cases where he is not one of
the regular panel. We are unable to so read the section. We
understand this limitation applies only to jurymen who have
served as jurors on the trial of a cause in any court of record
in the county within one year, etc., and that the next clause is
entirely independent of this one.

The section plainly, to our minds, specifies three totally dis-
tinct and independent causes of challenge:

First. When the juror lacks any one of the qualifications
mentioned in section two.

Second. Where the juror is not one of the regular panel,
and has served as a juror on the trial of a cause in any court
of record in the county within one year previous to the time
of his being offered as a juror.

Third. Where the juror is a party to a suit pending for
trial in that court at that term.

Nor are we able to coincide with the attorney for the peo-
ple in his construction of the words " pending for trial in
that court at that term." He insists that it should appear not
merely that the case was expected to be, but that it was act-
ually tried at that term. This construction necessitates the
addition of words not found in the statute, and in many cases,
would entirely defeat the practical enforcement of the clause.
If the parties were before the court, so that the cause might
be tried at that term, it was pending for trial, whether it was
actually then tried or not.

The conclusion necessarily follows, that, in our opinion,
there was error in disallowing the challenge of plaintiff in
error of this juror, for cause.

With regard to the objections taken to the other jurors, it is
only necessary to observe, by the same section of the statute last
referred to, it is provided that in the trial of any criminal cause,

the fact that a person called as a juror has formed an opinion or impression, based upon rumor or upon newspaper statements (about the truth of which he has expressed no opinion), shall not disqualify him to serve as a juror in such case, if he shall, upon oath, state that he believes he can fairly and impartially render a verdict therein in accordance with the law and the evidence, and the court shall be satisfied of the truth of such statement.

We think the juror Sullivan was competent under this provision. Although he had heard rumors, and formed an unfavorable opinion against plaintiff in error, he answers that he does not think this would prevent his rendering a fair and impartial verdict. His answers seem to be candid, and we see no cause to doubt his integrity.

The juror Broubaker, we do not think was competent. He is unable to state that he could sit as an impartial juror in the case. He was, among others, asked this question: "You think that you have heard reports which you believe to be true, in respect to the defendant, which would have a tendency, in some degree, to bias your mind in this respect?" And he answered: "It may have."

Where the juror has been exposed to influences, the probable effect of which is to create a prejudice in his mind against the defendant, which it would require evidence to overcome, to render him competent it should clearly appear that he can, when in the jury box, entirely disregard those influences, and try the case without, in any degree, being affected by them.

The objections arising on the evidence, and the refusal of the court to give certain instructions asked by plaintiff in error, we do not consider well taken, but, for the errors indicated, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*