Cyril J. Brown, J.
This is a motion to inspect the minutes of the Grand Jury. The indictment charges the defendant with the crimes of burglary in the second degree and petit larceny. The defendant from the time of his arrest has steadfastly denied any complicity in the crime.
The complaining witnesses testified that they heard a shuffle in the kitchen and a door slam during the early morning in question but saw no one. Upon investigation a purse was found open and two single dollars which had been folded into quarters were missing. There is further testimony that later in the same morning a police officer came upon the accused sitting in his *684 car about three or four blocks from the complainants’ home, searched him and found two single $1 bills in his coat pocket folded in four parts. Other than the possession of the quartered bills there is nothing in the evidence to connect the accused with the breaking and entering of the complainants’ home or the larceny of the $2.
Although proof of recent and exclusive possession of the fruits of a crime may justify an inference of guilt of the crimes of burglary and a larceny (People v. Spillman, 309 N. Y. 295; People v. Di Lorenzo, 301 N. Y. 374; Knickerbocker v. People, 43 N. Y. 177) there must be sufficient evidence not only that such fruits of the crime were taken from the true owner but also were the same as found in the possession of the accused. Here, the bills presented to the Grand Jury were not identified as having been taken from the defendant nor as those missing from the purse. True, the fact that quartered bills were found on the defendant may be said to create a suspicion implicating the defendant, nevertheless, one cannot be indicted on suspicion alone (People v. Saas, N. Y. L. J., Oct. 11, 1955, p. 13, col. 5). Sufficient evidence connecting the defendant with the crimes charged must be presented.
The evidence presented to the Grand Jury here was purely circumstantial. Although it is not to be discredited simply because of its nature, such evidence must, however, meet the test prescribed by law, that is, it must not only be inconsistent with innocence but must exclude to a moral certainty every other reasonable hypothesis except that of defendant’s guilt (People v. Eckert, 2 N Y 2d 126). The rule is well settled that an indictment, based upon circumstantial evidence, which does not possess the degree of certitude which the law requires as to those facts bearing upon the accused’s guilt, must be dismissed (People v. Lewis, 275 N. Y. 33).
In People v. Baldiseno (266 App. Div. 909) an indictment charging grand larceny was dismissed where it was shown that the defendant was with those who committed the larceny and ran away from the scene of the crime with them. The facts in that case were more convincing than those presented in the instant case to establish guilt.
In the opinion of this court the test prescribed above was not met by the evidence presented. The indictment is accordingly dismissed. Submit order.