THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID O'MALLEY, Defendant-Appellant.

First District (3rd Division)   No. 84—2455

Opinion filed May 7, 1986.

George P. Lynch and Leland Shalgos, both of Chicago (M. Jacqueline Walther, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James E. Fitzgerald, and John J. Budin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

Following trial, a jury found defendant, David O'Malley, guilty of burglary and possession of burglary tools. The trial court entered judgment on the verdicts and sentenced defendant to six years in the penitentiary. On appeal, defendant contends: (1) the indictment should have been dismissed; (2) the State failed to prove defendant guilty beyond a reasonable doubt; (3) the trial court erroneously denied defendant's challenges for cause to seven prospective jurors; (4) evidence obtained as a result of defendant's arrest should have been suppressed because there was no probable cause for the arrest; and (5) prosecutorial misconduct in closing argument deprived defendant of a fair trial.

Defendant argues that the indictment should have been dis-

missed because there was no evidence presented to the grand jury concerning the owner's lack of consent to entry, and lack of consent is an essential element of burglary. (*People v. Dandridge* (1981), 98 Ill. App. 3d 1021, 1027, 424 N.E.2d 1262.) At the grand jury hearings regarding this case, the State presented only one witness, Officer Robert Aye. Aye testified that around 3:15 a.m. on August 15, 1983, he and his partner, Officer Robert Gunnell, were in a squad car eastbound on Archer Avenue. They noticed a black Ford on the 5200 block of Long Avenue stopped in the middle of the street. They turned north on Long, and as they approached the car they saw a man carrying a flat metal object jump out of a parked Buick and into the passenger side of the Ford. The Ford went north to the end of the block and turned left on 52nd Street. Aye testified that he and Gunnell turned on their siren and chased the Ford at a high rate of speed for several blocks, through several stop signs, before it pulled to a stop. Aye and Gunnell arrested both the driver, Daniel Rush, and defendant, the passenger in the Ford. The officers searched the car and found a "slim jim" on the floor on the passenger's side. A slim jim is a flat metal object, about two feet long, used to open locked car doors. They also found a piece of wire with a hook shape on the end which can be inserted through a car window to open the door by pulling up the car's doorknob.

Aye further testified before the grand jury that the officers then went back to Long Avenue to inspect the Buick. They found scratches on the door at the point where a slim jim would be inserted. They also found that the "rabbit ears," part of the ignition system, were broken off of the car's steering column. Aye testified that one can turn a car's ignition on by breaking off the rabbit ears, pulling the ignition (generally with an "ignition puller") and inserting a screwdriver into the ignition.

Defendant maintains that this testimony is not sufficient to support the indictment because it does not include any evidence concerning the Buick owner's lack of consent to defendant's entry into his car. Defendant relies on *People v. Rodgers* (1982), 92 Ill. 2d 283, 442 N.E.2d 240. In that case, our supreme court held that the grand jury may not return an indictment "where there is absolutely no evidence connecting the accused to the offense charged." (92 Ill. 2d 283, 288, 442 N.E.2d 240.) However, the court also stated: "Nor will it be necessary to determine whether any evidence was presented as to each element of the offense. We require only that there be some evidence relative to the charge." (92 Ill. 2d 283, 290, 442 N.E.2d 240.) We find that Officer Aye's testimony clearly presented evidence relating to

each charge against O'Malley. Accordingly, we hold that defendant has not presented adequate grounds for dismissing the indictment.

■■ Defendant next argues that the State failed to establish that defendant was guilty of both charges beyond a reasonable doubt. At trial the State presented the testimony of Officer Aye, who essentially repeated the testimony he gave before the grand jury, and Officer Gunnell, who corroborated Officer Aye's testimony. On cross-examination, Aye admitted that in the police report he did not mention that he saw O'Malley carrying a flat metal object when O'Malley left the Buick and entered the Ford. Aye and Gunnell both testified that there was no indication that either Rush or O'Malley was drunk, and neither complained of feeling ill. The State also presented the Buick's owner, Salvatore Locascio, who testified that he did not give defendants permission to enter his car.

Thomas Thompson and Daniel Rush testified for the defense. Thompson testified that he was an auto mechanic and he owned a towing company which repossessed cars for finance companies and banks. He owned the Ford that Rush was driving on August 15, 1983, and he owned the tools found therein. He testified that he used the car for his repossession business. He loaned the car to Rush on August 13 because Rush's car was under repair in Thompson's shop.

Rush testified that he and defendant were out drinking until the early morning hours on August 15. While Rush was driving defendant home, defendant began to feel ill. Rush turned off of Archer onto Long and defendant left the car to relieve himself. When Rush saw a car coming behind him he told defendant to get back in the car. He turned on 52nd Street and proceeded several blocks before he noticed the mars lights on the car following him.

Where there is conflicting testimony, the weight to be given to the testimony of each witness is properly decided by the jury. (*People v. Diekelmann* (1937), 367 Ill. 372, 388, 11 N.E.2d 420.) In the instant case, the testimony of Locascio and Officer Aye sufficiently supports the finding that defendant entered Locascio's Buick without Locascio's permission. Defendant claims that the State failed to prove beyond a reasonable doubt that defendant intended to steal the Buick, and proof of this intent is required to support the convictions for burglary and possession of burglary tools. (*People v. Urbana* (1959), 18 Ill. 2d 81, 93, 163 N.E.2d 511; *People v. Bibbs* (1978), 60 Ill. App. 3d 878, 880, 377 N.E.2d 559.) Defendant argues that Aye's testimony establishes that defendant could not have started the Buick without either an ignition puller or a screwdriver. Neither of these tools was found in defendant's possession. However, a jury may properly rely

on reasonable inferences from the evidence to find defendant guilty. (*People v. Richardson* (1984), 104 Ill. 2d 8, 13, 470 N.E.2d 1024.) The jury properly inferred that O'Malley entered the Buick and broke off its rabbit ears with the intent to steal the car. (*People v. Terrell* (1984), 99 Ill. 2d 427, 432-33, 459 N.E.2d 1337.) We find that the evidence was sufficient to support the jury's verdicts.

■ Defendant next contends that this case must be remanded for retrial because the trial court erroneously denied defendant's challenges for cause to seven prospective jurors who had litigation pending in the circuit court of Cook County. According to "An Act concerning jurors ***":

> "It shall be sufficient cause of challenge of a petit juror that *** he has served as a juror on the trial of a cause in any court in the county within one year previous to the time of his being offered as a juror; or that he is a party to a suit pending for trial in that court." (Ill. Rev. Stat. 1983, ch. 78, par. 14.)

We find that defendant stated a sufficient cause of challenge for these seven prospective jurors. (*People v. Baker* (1984), 127 Ill. App. 3d 565, 572, 469 N.E.2d 602.) The State contends that the trial court did not abuse its discretion in denying defendant's challenges to the prospective jurors because the jurors said that they could be fair and impartial. However, the trial court does not have discretion to allow a prospective juror to sit when that juror is subject to statutory disqualification. *People v. Hyche* (1978), 63 Ill. App. 3d 575, 584, 380 N.E.2d 373, *aff'd* (1979), 77 Ill. 2d 229, 396 N.E.2d 6.

■ The State also contends that defendant did not show that he suffered any prejudice due to the denial of his challenges for cause. Although defendant was able to exclude three of the prospective jurors who were parties to cases pending in circuit court by exercising his peremptory challenges, defendant exhausted his peremptory challenges, and three of these prospective jurors served on the jury which found defendant guilty. In *Plummer v. People* (1874), 74 Ill. 361, one prospective juror had a civil case pending. The trial court denied defendant's challenges to that juror for cause and defendant used one of his peremptory challenges to exclude the juror. Defendant subsequently exhausted his peremptory challenges before the jury was finally selected. (74 Ill. 361, 364.) Although defendant made no further showing of prejudice, our supreme court reversed his conviction and remanded the case for retrial. (74 Ill. 361, 366.) We similarly find that defendant in the case at bar has adequately shown prejudice in that he, too, used peremptory challenges to exclude jurors whom the trial court should have excused for cause, and he eventually exhausted his

peremptory challenges. Therefore, we find that this case must be remanded for retrial.

Defendant's other assignments of error only present further grounds for remanding the case for retrial. Due to our disposition of the third assignment of error, we need not address these issues. For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings in accord with this opinion.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.