993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David O'MALLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1757.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1993.
Decided April 29, 1993.
 
 1
 Before CUMMINGS and FLAUM, Circuit Judges, and WOOD, Jr. Senior Circuit Judge.
 
 ORDER
 
 2
 David O'Malley was convicted of racketeering (18 U.S.C. § 1962(c)), racketeering conspiracy (18 U.S.C. § 1962(d)), and extortion (18 U.S.C. § 1951). Defendant later filed a motion under 28 U.S.C. § 2255 on the basis that the district court relied on incorrect information in sentencing him.
 
 
 3
 In 1985, the district court sentenced defendant to a term of ten years' imprisonment and five years' probation, to be served concurrently with a six-year sentence being served following a state court conviction for burglary[1], but consecutively to a 16-year sentence for a separate extortion conviction. In August 1986, this court affirmed defendant's conviction. United States v. O'Malley, 796 F.2d 891 (7th Cir.1986). In October 1986, defendant filed a motion for resentencing pursuant to Fed.R.Crim.P. 35, based on the reversal of defendant's 1984 state burglary conviction. The motion was denied. In 1991, defendant filed the 28 U.S.C. § 2255 motion under consideration here. The district court denied the motion. Defendant appeals.
 
 
 4
 Defendant maintains that erroneous information was contained in his presentence report (PSR). Defendants have a due process right not to be sentenced on the basis of inaccurate information. United States v. Tucker, 404 U.S. 443, 447 (sentencing judge improperly enhanced sentence in reliance on three convictions, two of which were later found to be constitutionally invalid); Townsend v. Burke, 334 U.S. 736; United States v. Kerley, 838 F.2d 932 (7th Cir.1988) (defendant's sentence improper where sentencing judge either supplied with inaccurate record of prior convictions, or had misread the record). Reliance upon misinformation of constitutional magnitude will result in a vacated sentence. Tucker, 404 U.S. at 447-49.
 
 
 5
 Defendant raises this issue in a motion under 28 U.S.C. § 2255. It was not raised in the direct appeal. Federal prisoners seeking collateral relief pursuant to § 2255 where no contemporaneous objection was made must show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains. United States v. Kovic, 830 F.2d 680, 683 (7th Cir.1987); Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1987).
 
 
 6
 We find that defendant suffered no actual prejudice resulting from the inaccurate statements contained in his presentence report. Defendant would have to demonstrate that the existence of the inaccuracies so infected his sentencing hearing that it resulted in a fundamental miscarriage of justice. Kovic, 830 F.2d at 685. Thus, in order to show a due process violation, defendant would have to raise grave doubt as to the veracity of the information contained in the report, and show that the sentencing judge relied on that false information in determining the sentence. United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986).
 
 
 7
 Defendant argues that the PSR contained errors regarding his prior criminal history. Defendant points to errors in ten of the convictions listed in the PSR. Half of those, however, are actually listings of arrests, not convictions. Judge Moran, the sentencing judge, clearly stated at sentencing: "I don't base sentences on arrests." See Kovic, 830 F.2d at 688). Four of the entries involved convictions before 1977. Judge Moran stated that he did not consider defendant's criminal record before 1977. At sentencing, he stated that the criminal activity "really doesn't basically get started until 1977." Defendant points to a 1984 "erroneous conviction." At the time of sentencing, that state burglary conviction was up on appeal; later it was reversed, and a motion for resentencing was filed. Judge Moran, however, noted that even at the time of sentencing he knew the conviction was up on appeal. He specifically stated: "I didn't increase the sentence here because of the state court sentence." See United States v. Cardi, 519 F.2d 309, 312 (7th Cir.1975).
 
 
 8
 That leaves a 1977 "erroneous conviction" for auto theft. Even if that were erroneous, which is not clear from this record, defendant did not contest four other convictions for auto theft. The district court never pointed to the 1977 auto theft conviction apart from the other four convictions. Judge Moran later explained: "At the time of sentencing it was this court's understanding that [defendant] had been, at least part of the time, an auto thief before he got into extortionate collection. Nothing he has since filed dispels to any degree that understanding."
 
 
 9
 Defendant also states there were errors in the details of his crimes[2], his personal background, military service, medical history, and his wife's cooperation with the presentence investigation. Judge Moran found that he did not rely on the challenged information in the PSR. This is corroborated by the fact that when Judge Moran sentenced defendant, he did not mention any of these factors. See Kovic, 830 F.2d at 688. The stated reasons for imposing the consecutive sentence was defendant's prior extortion conviction. Judge Moran found a "pattern that was established by the evidence during the trial of just voluntarily and intentionally making it his business to be the collector for an extortion scheme."
 
 
 10
 The judge's careful review of the record, his detailed review of, and recollection of, matters discussed at the sentencing hearing itself, and his repeated, corroborated denial of any reliance on the inaccuracies, stand next to defendant's unsupported speculation. The record demonstrates that defendant suffered no prejudice as a result of any inaccuracies. See Kovic, 830 F.2d at 686-88 (court holds that sentencing judge's repeated denial that she relied on inaccurate information in presentence report establishes lack of actual prejudice to defendant).
 
 
 11
 Defendant's due process rights were not violated because the district court did not rely on the inaccurate statements in his presentence report when imposing sentence. Defendant has failed to demonstrate that he suffered actual prejudice as a result of the errors in his presentence report and thus he is not entitled to the collateral relief sought here.
 
 
 12
 Defendant also argues that the sentencing objections are being raised here for the first time because his prior counsel provided ineffective assistance of counsel. Ineffective assistance of counsel may provide sufficient cause for a procedural default. Johnson v. United States, 805 F.2d 1284, 1291 (7th Cir.1986). We have already found that no actual prejudice resulted from any alleged errors in the PSR. Consequently, defendant "cannot now suffer prejudice from his prior counsel's alleged deficiencies with respect to the same said errors." Kovic, 830 F.2d at 692.
 
 
 13
 Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 [1]
 See People v. O'Malley, 143 Ill.App.3d 474, 493 N.E.2d 82 (1986)
 
 
 [2]
 Defendant disputes the government's version of the offense. At sentencing, the judge was aware that both the PSR itself, and the parties arguing at the hearing, had differing views of the underlying facts. Judge Moran stated that he relied on the evidence presented at the trial