**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230504-U

Order filed January 2, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0504 Circuit No. 23-CF-1202 |
| MARTAVIES SANDERS, | ) ) ) | Honorable Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Hettel concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1        *Held*:   The circuit court's decision to grant pretrial detention was not an abuse of discretion.

¶ 2        Defendant, Martavies Sanders, appeals from the Will County circuit court's order denying him pretrial release. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was indicted on July 30, 2023, with three counts of aggravated vehicular hijacking (Class X) (720 ILCS 5/18-4(a)(1), (a)(3), (a)(4), (b) (West 2022)), four counts of armed robbery (Class X) (*id.* § 18-2(a)(1), (a)(2), (b)), three counts of attempted aggravated vehicular hijacking (Class 1) (*id.* § 8-4(a), (c)(2)), aggravated battery (Class 3) (*id.* § 12-3.05(c), (h)), and aggravated unlawful use of a weapon (Class 4) (*id.* § 24-1.6(a)(1), (a)(3)(C), (d)(2)). Defendant's bail was set at $1,000,000, and he remained in custody. On September 28, 2023, defendant filed a motion for review of pretrial release conditions. The State filed a verified petition to deny pretrial release, alleging defendant was charged with a forcible felony and that his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The State further alleged that defendant was a flight risk.

¶ 5    The factual basis provided that at 6:20 a.m. on June 20, 2023, Wallace Copeland was working as an Uber driver. Copeland was 71 years old. He was parked on the street and waiting for a rider to exit their residence. Recorded video from the Uber vehicle showed defendant, Timothy Gaines, and Terrel Logue arrive in a vehicle. Gaines was driving. Defendant and Logue exited the vehicle wearing masks and gloves with firearms drawn and approached Copeland's vehicle. They ordered Copeland to exit the vehicle and took Copeland's phone and money clip. Logue entered the driver's seat of Copeland's car and attempted to drive it. However, the emergency brake was activated, so he only drove it approximately 400 feet. One of the individuals struck Copeland in the head with a firearm, causing injury. Copeland was then thrown to the ground where he was punched and kicked. Defendant and Logue returned to the car driven by Gaines and left the scene. Surveillance video from 7:06 a.m. from inside a gas station showed the three men wearing the same clothing they wore during the offense. Still

2

photographs of the surveillance video were taken to the Excel Roseland Academy, where the three men previously attended. An employee at the Academy identified them. The vehicle driven by Gaines was found and searched. The vehicle contained two masks and Copeland's money clip. The vehicle had been reported stolen. The gas station was placed under surveillance, and when Gaines and Logue again arrived, they were arrested. The vehicle they arrived in was searched, and officers located clothing consistent with the clothing defendant had been wearing in the video of the attack and a firearm consistent with that used in the attack.

¶ 6    A hearing was held on the petition on October 6, 2023. The State provided the factual basis. The State further stated,

> "Due to the violent nature of this attack with firearms and masks, this Defendant is from the Chicagoland area, went out to New Lenox with two other individuals with firearms, brutally attacked a 71-year old man who is trying to do his job, and attempted to flee the area by stealing his car. I think that he is a very serious danger to this community. Based on that danger, *** I do not believe that there is any set of conditions that would protect that community from this offender, and I would ask that you detain this individual."

Defense counsel argued that defendant was not the person that committed the crime, and he did not have a prior record. The court passed the case to consider it. Upon recalling the case, the court granted the State's petition noting that the offenses involved a "handgun, bodily harm, senior citizen, an alleged hijacking of a car, masks."

¶ 7    Defendant now appeals.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant contends that the court abused its discretion in granting the petition to detain. He challenges all of the court's findings. In the alternative, defendant argues the State could not file a responsive petition to detain. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 10       All defendants are eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). In order to detain, the State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 11       We find the court did not err in granting the petition. First, defendant was indicted on multiple qualifying offenses (*id.* § 110-6.1(a)(1.5)). By returning an indictment, the grand jury determined that there was evidence to indicate that defendant committed the offenses. See *People v. Rodgers*, 92 Ill. 2d 283, 288 (1982). Moreover, the State's proffer showed that there were similarities between the three men seen on the videotape from the Uber and the videotape from the gas station. A still photograph of the videotape of the gas station was shown to an employee at defendant's former school who identified defendant. Second, defendant has shown

4

that he is a danger to the community. The facts of the case were very serious where defendant and his co-defendants attempted to hijack a random Uber vehicle and hurt an elderly man in the process. Additionally, defendant brandished a firearm during the offense. Third, the court did not err in finding that there were no conditions to mitigate defendant's dangerousness, considering the specific facts of the case. Based on the foregoing, we cannot say that the court's decision to grant the petition was an abuse of discretion.

¶ 12       We further reject the defendant's contention that the State could not file a responsive petition to detain. We have previously addressed this issue in *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 14, and stand by our analysis in that case.

¶ 13                                    III. CONCLUSION

¶ 14       The judgment of the circuit court of Will County is affirmed.

¶ 15       Affirmed.

¶ 16       JUSTICE McDADE, dissenting:

¶ 17       I dissent from the finding of the majority that the State has met its burden of proving that this defendant merits denial of release. In reaching that decision, the majority adds to a body of precedent that allows the State and the trial court to completely ignore an element of the proof the legislature has required the prosecution to present.

¶ 18       The default position of this new legislation in Illinois is that persons charged with crimes should be released pending trial. If the State believes that a different result is necessary, the law imposes an affirmative obligation on it to plead and prove three things by clear and convincing evidence: (1) that there is evidence and presumption sufficient to show defendant probably committed the charged crime, (2) that defendant either (a) posed a continuing danger to himself or others or (b) was a significant flight risk, and (3) that there are no conditions that the court

5

could impose that would mitigate defendant's threat of harm or likelihood to flee and escape justice. 725 ILCS 5/110-6.1(e) (West 2022).

¶ 19    At issue in this case is defendant's claim that the State failed to meet its burden of proving any of the three elements required by the statute. I would agree with the majority that the State produced sufficient evidence on the *first* element to allow the court to find, without abuse of its discretion, that the prosecution had met its burden on the limited issue of the likelihood defendant committed the charged crime. Turning to the *second* element and assuming the conclusion on the first is correct, it was not an abuse of the court's discretion to also find defendant posed some level of danger to the community because either he might repeat the crimes or he might physically abuse someone. The State produced no evidence that he was a flight risk. "Attempt[ing] to flee the area by stealing his car" carries no weight on this issue because removing or attempting to remove the car from the presence of its owner is the gravamen of the crimes with which he is charged and not evidence that he will not appear for trial.

¶ 20    The general assembly included as an express *third* element that the State prove by clear and convincing evidence that no condition of release could mitigate the threat of danger or risk of flight posed by defendant, but apparently the prosecutor, the trial court judge, and the majority have decided that obligation is superfluous so long as the State makes an adequate showing on the second element. In lieu of evidence on this factor, the prosecution presented a conclusory statement: "Based on that danger, *** I do not believe that there is any set of conditions that would protect that community from this offender, and I would ask that you detain this individual." *Supra* ¶ 6. Despite the fact that the legislature included a list of particular conditions, which could be augmented by other innovative ones, to mitigate any potential danger (see 725

6

ILCS 5/110-10 (West 2022)), the State presented no evidence that effective conditions were unavailable.

¶ 21 Further, the trial court considered no conditions presented by the State because, as noted, it presented none. And, in fact, the court specifically based its decision on the State's factual basis on the *second* element, noting the crime involved a "handgun, bodily harm, senior citizen, an alleged hijacking of a car, masks." *Supra* ¶ 6.

¶ 22 And finally, the majority, lacking any record on which to base a review of this issue, simply states: "Third, the court did not err in finding that there were no conditions to mitigate defendant's dangerousness, considering the specific facts of the case." *Supra* ¶ 11.

¶ 23 The State failed to either address or carry its burden regarding the availability of conditions that might permit defendant's release pending trial, and the decision of the trial court denying release must be reversed.